IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AT&T CORP., | ) | CASE NO. 1:14 CV 992 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | MEMORANDUM OPINION |
| CITY OF PAINESVILLE, et al., | ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant, City of Painesville. (Docket #19.) Pursuant to Fed. R. Civ. P. 12(b)(6), the City of Painesville asks the Court to dismiss the claims filed against it by Plaintiff, AT&T, arguing that the City is immune from liability pursuant to Chapter 2744 of the Ohio Revised Code. For the following reasons, the Motion to Dismiss is denied.

### Factual and Procedural History

AT&T alleges that Defendants, City of Painesville and Ronald Montz, d/b/a Montz Excavating, damaged AT&T's underground fiber-optic cables during an excavation for the installation of a storm sewer pipe on the City's Property. AT&T asserts Defendants, negligently and/or in a wanton and reckless manner, violated Ohio Rev. Code § 3781.25-3781.32, by failing to comply with the requirements set forth therein for excavators and subcontractors pertaining to the protection of underground utilities; that Defendants failed to provide statutorily required

notice of excavation, constituting negligence per se; and, that the City of Painesville violated Ohio Rev. Code § 153.64 in failing to contact them prior to the excavation to determine the location of the fiber-optic cables, despite permanent markers maintained by AT&T providing notice that there were underground utility facilities in the area. AT&T seeks damages in the amount of $93,180.15.

The City of Painesville filed its Motion fo Dismiss on July 25, 2014. (Docket #19.) The City of Painesville argues that the installation of a storm sewer is governmental function, thereby entitling it to immunity for the damage done during the excavation. AT&T filed its Opposition to Defendant City of Painesville's Motion to Dismiss on August 27, 2014. (Docket #25.) AT&T argues that the excavation was a proprietary, rather than governmental function, thereby subjecting the City to liability for negligent and wanton and reckless acts. The City of Painesville filed a Reply Brief on September 9, 2013, in large part reiterating the arguments made in its Motion to Dismiss. (Docket #26.)

## Discussion

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,1940

(2009). *See also Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) (court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.)

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 550 U.S. at 570.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

As stated above, the City of Painesville argues that it is entitled to immunity from AT&T's claims pursuant to Ohio Rev. Code § 2744, arguing that the installation of the pipe and, therefore, the excavation attendant thereto, was a governmental function. The Court has reviewed the allegations in the Complaint and the Briefs submitted by the Parties, in conjunction with the applicable statutory and case law. The Amended Complaint provides factual allegations

sufficient to withstand dismissal and a determination as to whether or not the City of Painesville is entitled to immunity is premature prior to discovery.

## Conclusion

Based on the foregoing, the Motion to Dismiss (Docket #19) filed by Defendants is hereby DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: October 3, 2014